UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

PATTY BROUGHTON,

Defendant.

CASE NO. 97-1815

CIV - DAVIS

CIVIL DIVISION

MAGISTRATE JUDGE BROWN

COMPLAINT

FILED BY [illegible] D.C.
97 JUN 11 PM 2:32
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

COMES NOW, the Plaintiff, United States of America, by its undersigned counsel, and says as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1345, in that this is an action brought by the United States of America.

2. Upon information and belief, the Defendant resides in the Southern District of Florida - within the jurisdiction of this Court.

3. Defendant owes to the plaintiff the sum of $1,961.69 in accordance with and as evidenced by the supporting documentation, a copy of which is attached hereto, together with costs, attorney's fees, and interest.

4. All conditions precedent to the commencement of this action have been performed by the plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for the sum of $1,961.69, plus interest, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVID E. NEWMAN, P.A.

By: Amy J. Winarsky
Florida Bar No. 900140
Attorney for Plaintiff
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Telephone: (305) 665-9633
Fax: (305) 666-9714

U.S. DEPARTMENT OF EDUC ON
SAN FRANCISCO, CALIFO A

CERTIFICATE OF INDEBTEDNESS

Name: Patty Broughton

Address: 1520 NW 61st St Apt #14
Miami, FL 33142

SSN No: 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

Total debt due United States as of 12/4/96: $3,440.06

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,961.69 from 12/4/96 at the annual rate of 8.00%. Interest accrues on the principal amount of this debt at the rate of $0.43 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 9/12/85 the debtor executed promissory note(s) to secure loan(s) from Leader Federal Savings & Loan Association, Memphis, TN under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 3/13/87 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $133.73, thereby increasing the principal balance due to $1,961.69.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $1,961.69 |
| Interest: | $1,478.37 |
| Administrative/Collection Costs: | $0.00 |
| Penalties: | $0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

12/9/96
Date

Loan Analyst
Litigation Branch

GUARANTEED STUDENT [illegible] PROMISSORY NOTE

Your Name P[illegible] Br[illegible]
Your SSN 2[illegible] 37-25 8 6
Your Address 1281 NW 61st # 16
Your City State ZIP

## A. IMPORTANT – READ THIS INFORMATION CAREFULLY

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   - a) the total dollar amount of my loan
   - b) the interest rate I will pay
   - c) the dollar amount of the origination fee I will pay
   - d) the dollar amount of the guarantee fee I will pay
   - e) my disbursement schedule (when I will get my loan checks)
   - f) how long my grace period will be

   Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.

   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, Patty Broughton (Print Your Name as Borrower) promise to pay to the order of Leader Federal Savings & Loan Association (Print Your Lender's Name) Memphis, Tennessee (Print Your Lender's City and State)

All of the following amounts:

1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ 2,500.00
2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 8%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
   I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (c) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   - a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   - b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from a Deferment (Section F) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## H. ACCELERATION & DEFAULT

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:

1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I fail to make any payment when due, I will also pay all charges and other costs – including attorney's fees – that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise this option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

## J. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**NOTICE TO BORROWER**

- a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
- b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
- c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
- d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

Patty Broughton — Sign Your Name

7/12/85 — Today's Date

HEAF Form 207A, 03/84

LENDER COPY

I HEREBY ASSIGN THE HIGHER EDUCATION ASSISTANCE FOUNDATION ALL TITLE AND INTEREST OF THE HOLDER IN THE NOTE AS TO WHICH THE CLAIM HAS BEEN FILED AND PAID.

NAME OF LENDER HELP TN

Bonny C Hassan 4-8-87

HEMAR SERVICE CORPORATION
AS AUTHORIZED AGENT
BY BONNY C. HASSAN
CLAIMS SUPERVISOR

I hereby certify that this is a true and exact copy of the original.

Bonny C Hassan

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**97-1815**

**CIV - DAVIS**

**MAGISTRATE JUDGE BROWN**

I (a) PLAINTIFFS

United States of America

DEFENDANTS

PATTY BROUGHTON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

B: Dade 1:97cv1815 Davis/Brown

FILED BY [illegible] 97 JUN 11 CLERK U.S. DIST. CT. S.D. OF FLA.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DAVID E. NEWMAN, P.A. (305)665-9633
1533 Sunset Drive, #225
Coral Gables, FL 33143

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (None of the below) DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. CFR 682.100(4)(d)

IVa. 1 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B [x] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 civil Rights
- *A or B

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- * ☐ 890 Other Statutory Actions
- *A or B

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ______ DOCKET NUMBER ______

DATE 6/11/97

SIGNATURE OF ATTORNEY OF RECORD Amy J. Winarsky (F.B.N. 900140) [signature]

UNITED STATES DISTRICT COURT S/F 1-2

FOR OFFICE USE ONLY: Receipt No. ______ Amount: ______